**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

Jerry Colon,

                              Petitioner,

                -against-

Mark Miller, Superintendent of the Green Haven
Correctional Facility,

                              Respondent.

------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__   5/29/2024

23-cv-5597-NSR-VR

**REPORT &**
**RECOMMENDATION**

**TO THE HONORABLE NELSON S. ROMÁN, United States District Judge:**

On June 29, 2023, Petitioner Jerry Colon, proceeding pro se, petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  (ECF No. 1 (Pet.)).  On July 6, 2023, this petition was referred to the undersigned for report and recommendation.  (ECF No. 7).  On August 24, 2023, Respondent Mark Miller, Superintendent of the Green Haven Correctional Facility, opposed Colon's petition.  (ECF Nos. 9, 10 (Opp.)).

Earlier this month, the undersigned reviewed the New York State Department of Corrections and Community Supervision inmate locator database and discovered that it lists Colon as deceased as of February 12, 2024.  *See Incarcerated Lookup*, DEP'T OF CORR. & CMTY. SUPERVISION, https://nysdoccslookup.doccs.ny.gov (search DIN 18-A-1400) (last visited May 16, 2024).  In response, the undersigned issued an Order, noting that the Court had learned of Colon's death, and ordering the State to submit a letter confirming whether Colon had died. (ECF No. 16).  The Court also asked the State to provide its position on whether Colon's death renders this action moot.  (*Id.*)  On May 20, 2024, the State submitted a letter, along with

1

Colon's death certificate, confirming that Colon had died on February 12, 2024, and explaining that Colon's death rendered his § 2254 petition moot. (ECF No. 17).

Although the answer may seem obvious, the question for the Court is whether a petitioner's death renders a § 2254 petition moot. This question has not been addressed by the Second Circuit in a published opinion. But in one case, a panel of the Second Circuit summarily dismissed as moot an appeal of a denial of a § 2254 petition after the petitioner had died while the appeal was pending. *See Bumpus v. Warden*, 426 F. App'x 21, 22 (2d Cir. 2011) (Summary Order).[1] Similarly, this Court has dismissed habeas petitions as moot when the petitioner died before the Court reached its decision. *See, e.g.*, *Brooks v. Keyser*, No. 20-cv-3403, 2024 WL 474583, at *1–2 (S.D.N.Y. Feb. 7, 2024) (dismissing a § 2254 petition as moot in light of petitioner's death).[2] Further, every Court of Appeals that has addressed this issue has held that a habeas petition is mooted by the petitioner's death.[3] These decisions are also in line with dicta from the Supreme Court and the Second Circuit.[4]

The undersigned is persuaded by these decisions. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody."

---

[1] *See Bumpus*, 426 F. App'x at 22 ("Petitioner James Bumpus appealed from the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. On April 22, 2011, while his appeal was pending, Mr. Bumpus died. We therefore DISMISS the appeal as moot.").

[2] *See also Grant v. Gonyea*, No. 18-cv-7720, 2021 WL 1422811, at *1–2 (S.D.N.Y. Mar. 7, 2021) (same); *Rivera v. Pearlman*, No. 02-cv-2399, 2004 WL 533333, at *1 (S.D.N.Y. Mar. 16, 2004) (same).

[3] *See Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) ("[W]e conclude that Keitel's habeas petition has been rendered moot by his death."); *Bruno v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 445, 445 (11th Cir. 2012) (per curiam) ("The death of the habeas petitioner renders a habeas action moot."); *Garceau v. Woodford*, 399 F.3d 1101, 1101 (9th Cir. 2005) ("Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot."); *McMillin v. Bowersox*, 102 F.3d 987, 987 (8th Cir. 1996) (per curiam); *McClendon v. Trigg*, 79 F.3d 557, 559 (7th Cir. 1996); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975) (per curiam) ("Knapp died on December 20, 1974. This case is therefore moot.").

[4] *See Lockhart v. McCree*, 476 U.S. 162, 168 n.2 (1986) ("James Grigsby, the habeas petitioner with whose case McCree's had been consolidated, died prior to the District Court's decision, so his case became moot."); *Krantz v. United States*, 224 F.3d 125, 127 (2d Cir. 2000) (per curiam) (noting that the court did "not disagree" with the practice of sister circuits treating a 28 U.S.C. § 2255 motion as moot after the movant's death).

*Id.* But Colon's death necessarily means that he is no longer "in custody," so that the Court can no longer grant the relief he sought. *Cf. Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (holding that a habeas petition is not moot so long as the court could grant some relief).

For the above reasons, I conclude—and respectfully recommend that Your Honor conclude—that the instant § 2254 petition for a writ of habeas corpus should be dismissed as moot. Further, because there has not been a substantial showing of the denial of a constitutional right, I recommend that no certificate of appealability should be issued. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

The Clerk of Court is respectfully directed to mail a copy of this report and recommendation to Petitioner.

**SO ORDERED.**

DATED:     White Plains, New York
            May 29, 2024

                                        VICTORIA REZNIK
                                        United States Magistrate Judge

**NOTICE**

**Pursuant to 28 U.S.C. § 636(b)(1)(c), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties have 14 days from service of this Report and Recommendation to serve and file written objections. If copies of this Report and Recommendation are served on the parties by mail, the parties have an additional three days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. Fed. R. Civ. P. 6(a), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Hon. Nelson S. Román, at the Hon. Charles L. Brieant, Jr., Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.**

**FAILURE TO TIMELY FILE OBJECTIONS TO THIS REPORT AND RECOMMENDATION WILL PRECLUDE LATER APPELLATE REVIEW OF ANY ORDER OF JUDGMENT TO BE ENTERED.** *See Caidor v. Onondaga County*, **517 F.3d 601, 604 (2d Cir. 2008).**

**Requests for extensions of time to file objections must be made to Judge Román.**

4