UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY COLON,

                Petitioner,

-against-

MARK MILLER, SUPERINTENDENT OF
GREEN HAVENCORRECTIONAL FACILTY,

                Respondent.

23 CIV 5597 (NSR)(VR)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

      Petitioner, Jerry Colon, proceeding *pro se*, commenced the instant proceeding asserting claims pursuant to 28 USC § 2254 challenging his New York State conviction following a jury trial. (ECF No. 1, the "Petition.") The government opposed the Petition. (ECF Nos. 9, 10.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Victoria Reznik ("MJ Reznik") to issue a Report and Recommendation ("R & R"). (ECF No.7.) Now before the Court is MJ Reznik's R & R, recommending that the Petition be dismissed. (ECF No. 18.) For the following reasons, the Court adopts MJ Reznik's R & R in its entirety and dismisses the Petition.

## BACKGROUND

      Petitioner was convicted in New York State Supreme Court, Westchester County, following a jury trial of, *inter alia*, Robbery in the First Degree. (See, Petition.) Petitioner unsuccessfully sought to vacate his conviction pursuant to New York C.P.L. § 440.10 and exhausted his state court appellate remedies. Thereafter, Petitioner commenced the instant proceeding. During the pendency of this proceeding, Petitioner passed away while in detention.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/07/2025

1

**STANDARD OF REVIEW**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted).

But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

The Court has failed to receive an objection to the R & R. Thus, the Court reviews the R & R for clear error. Upon a review of the R & R, the Court finds no clear error.

As outlined in the R & R, MJ Reznik deemed the petition moot upon discovering that the Petitioner had passed away. As delineated in the R & R, in *Bumpus v. Warden, Clinton Corr. Facility*, 426 F. App'x 21, 22 (2d Cir. 2011), the petitioner, James Bumpus, sought to appeal the district court's order denying his 28 U.S.C. § 2254. Before the appellate court could address the petition on the merits, Mr. Bumpus passed away resulting in the court's dismissal of the appeal as moot. Id. In several other circuits, the courts have dismissed habeas petitions as moot as a result of the petitioner's passing before the court could render a decision on their appeal. See *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (When developments occur during the course of adjudication eliminate a plaintiff's personal stake in the outcome of a lawsuit, the case must be dismissed as moot); see also *Garceau v. Woodford*, 399 F.3d 1101 (9th Cir. 2005) (Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot). The Court deems MJ Reznik's analysis and conclusion applicable to the instant proceeding.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Reznik's R & R in its entirety. In accordance with the R & R, the Petition is dismissed as moot. The Clerk of the Court is respectfully directed to terminate the action.

Dated: August 7, 2025          SO ORDERED:
       White Plains, New York

_____
NELSON S. ROMÁN